**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| REBECCA SPONGA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:18-cv-00394-TSE-MSN |
| COMSCORE, INC., | ) ) ) |
| Defendant. | ) ) ) |

## ANSWER TO COMPLAINT

Defendant comScore, Inc. ("comScore" or "Defendant"), by counsel, hereby answers the Complaint as follows:

### FIRST DEFENSE

In response to the allegations contained in the numbered paragraphs, comScore responds as follows:

### NATURE OF THE CASE

1. The allegations contained in Paragraph 1 of the Complaint constitute a statement of the case to which no response is required. To the extent a response is required, Defendant denies the allegations and states that it did not discriminate or retaliate against Plaintiff as alleged in the Complaint.

### JURIDICTION AND VENUE

2. The allegations contained in Paragraph 2 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant states

that it is not presently aware of a legal or factual basis for disputing this Court's exercise of jurisdiction over this dispute between the parties.

3. The allegations contained in Paragraph 3 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant states that it is not presently aware of a legal or factual basis for disputing this Court's exercise of personal jurisdiction over Defendant in this matter.

4. Defendant admits on information and belief the allegations contained in Paragraph 4 of the Complaint.

5. Defendant admits on information and belief the allegations contained in Paragraph 5 of the Complaint.

6. Defendant admits on information and belief the allegations contained in Paragraph 6 of the Complaint.

7. The allegations contained in Paragraph 7 of the Complaint constitute conclusions of law to which no response is required. To the extent a response is required, Defendant that it is not presently aware of a legal or factual basis to challenge venue in this Court.

## PARTIES

8. Defendant admits on information and belief the allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits the allegations contained in Paragraph 9 of the Complaint.

## FACTUAL BACKGROUND

10. Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 11 of the Complaint and therefore denies same.

12. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12 of the Complaint and therefore denies same.

13. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 13 of the Complaint and therefore denies same.

14. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 14 of the Complaint and therefore denies same.

15. Defendant admits that Sara Dunn was in 2013 the Vice President of Human Resources for comScore (and currently serves as the Senior Vice President of Human Resources), and further admits that at some point, Plaintiff told Ms. Dunn that she suffered from Post-Traumatic Stress Disorder ("PTSD").

16. Defendant admits that Tony Vargas was in 2013 the Vice President of Engineering for comScore, and further admits that at some point, Plaintiff told Mr. Vargas that she suffered from PTSD.

17. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 17 of the Complaint and therefore denies same.

18. Defendant admits that Mr. Vargas was Plaintiff's supervisor in July 2015.

19. Defendant admits that Brittany Nadir worked (and currently works) in comScore's Human Resources department in July 2015, and further admits that Plaintiff has met with Ms. Nadir, among others, many times during her comScore employment.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint except to admit that Plaintiff told Ms. Nadir in 2015 that she suffered from PTSD and that she preferred to avoid closed door meetings and preferred clear and direct communication.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint except to admit Plaintiff told Ms. Nadir in 2015 that she preferred clear and direct communication.

22. Defendant admits the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint, except to admit that Ms. Nadir, Mr. Siegel and Plaintiff met in or about July 2015 to discuss Plaintiff's work and their work relationship.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint, except to admit that Plaintiff was offered the opportunity to request an accommodation, and was provided with the paperwork to do so, and she refused.

25. Defendant admits the allegations contained in Paragraph 25 of the Complaint.

26. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in the first clause of Paragraph 26, and therefore denies same, but admits that Plaintiff expressed no further concerns regarding her relationship with Mr. Seigel after that July 2015 meeting.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant admits the allegations contained in Paragraph 28 of the Complaint.

29. Defendant admits the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint. Defendant admits that Mr. McGloon discussed a user persona that he had used at his prior employer with Plaintiff, as well as with other employees.

32. Defendant denies the allegations contained in Paragraph 32, except to admit that the user person brought by Mr. McGloon from a prior employer was not generated by anyone at comScore.

33. Defendant admits that Mr. McGloon showed his team a user persona for a fictional character named Jackie Snyder, who was theorized to be an LPN and Sexual Assault Nurse Examiner.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint except that Defendant lacks sufficient knowledge or information to admit or deny whether Plaintiff experienced symptoms or attempted to manage any symptoms of any condition, and therefore denies same, and Defendant admits that Plaintiff continued to be supervised by Mr. McGloon between November 2015 and her termination on January 21, 2016.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint, except to admit that at various points in December 2015 and January 2016, Plaintiff contacted Ms. Nadir to discuss various employment concerns.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint, except to admit that Plaintiff was invited to attend a meeting scheduled for January 21, 2016.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint except to admit that Plaintiff's comScore employment was terminated during a meeting held with her, Ms. Nadir and Mr. McGloon on January 21, 2016.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint except to admit that Plaintiff was informed that her negativity and inability to maintain collaborative relationships despite coaching were unacceptable.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

## **COUNT I**

49. Defendant incorporates by reference its responses to Paragraphs 1-48 as if fully set forth herein.

50. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 50 of the Complaint, and therefore denies same, and demands specific proof thereof.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant incorporates by reference its responses to Paragraphs 1-54 as if fully set forth herein.

56. Defendant lacks sufficient knowledge or information to admit or deny the allegations contained in Paragraph 56 of the Complaint, and therefore denies same and demands specific proof thereof.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

## COUNT III

61. Defendant incorporates by reference its responses to Paragraphs 1-60 as if fully set forth herein.

62. Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63. Defendant denies the allegations contained in Paragraph 63 of the Complaint, except to admit that Plaintiff's comScore employment was terminated on January 21, 2016.

64. Defendant denies the allegations contained in Paragraph 64 of the Complaint.

All allegations not admitted, denied, qualified or otherwise responded to above are hereby denied. Defendant understands that Plaintiff's prayer for relief inadvertently substituted the names of different parties, assumes she intended it to refer to the parties in this action, and denies that Plaintiff is not entitled to any of the relief requested in her prayer for relief, and further denies that Plaintiff is entitled to any relief whatsoever.

## Second Defense

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Third Defense

Plaintiff's claims are barred, in whole or in part, based on the failure of the Complaint to allege a sufficient legal and/or factual basis for the damages sought.

### Fourth Defense

Plaintiff's claims are barred, in whole or in part, because the employment decisions that form the basis of the Complaint were based upon legitimate, non-discriminatory factors.

### Fifth Defense

Plaintiff's claims are barred, in whole or in part, because her employer acted without discriminatory or retaliatory animus in making the decisions that form the basis of the Complaint.

### Sixth Defense

Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

### Seventh Defense

Plaintiff's claims are barred, in whole or in part, because she suffered no damage as a result of any alleged wrongdoing and/or because of her failure to mitigate her damages, if any.

### Eighth Defense

Plaintiff's claims are barred, in whole or in part, because she failed to provide comScore with the information reasonably requested from which comScore could have made a determination as to whether Plaintiff was an individual with a disability.

### Ninth Defense

Plaintiff's claims are barred, in whole or in part, because by failing to provide comScore with the information sought regarding her claimed disability, she failed to engage in the

interactive process.

## Tenth Defense

Plaintiff's claims are barred, in whole or in part, because Defendant did not act with the requisite degree of knowledge or malice to entitle Plaintiff to punitive damages.

## Eleventh Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, acquiescence, estoppel and/or unclean hands.

Defendant reserves the right to raise additional equitable or other defenses upon further investigation and discovery.

WHEREFORE Defendant hereby requests that: (i) the Complaint be dismissed with prejudice; (ii) Defendant be awarded its reasonable attorneys' fees and costs incurred in this matter; and (iii) Defendant be afforded such other relief as the Court deems appropriate

Respectfully submitted,

/s/ Susanne Harris Carnell
Susanne Harris Carnell (VSB 41521)
Lorenger & Carnell PLC
651 South Washington Street
Alexandria, Virginia 22314
(703) 684-1804 Direct
(703) 684-1805 Fax
scarnell@lorengercarnell.com

# **CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of July, 2018, I filed electronically the foregoing Answer to Complaint with the Clerk of Court using the CM/ECF system, and that as a result of such filing, a notification and copy of such filing will be sent to counsel of record for the Plaintiff:

    John C. Cook
    Philip C. Krone
    Cook Craig & Francuzenko, PLLC
    3050 Chain Bridge Road, Suite 200
    Fairfax, VA 22030
    Phone: (703) 865-7480
    Fax: (703) 434-3510
    jcook@cookcraig.com
    pkrone@cookcraig.com

    /s/ Susanne Harris Carnell
    Susanne Harris Carnell (VSB 41521)
    Lorenger & Carnell PLC
    651 South Washington Street
    Alexandria, Virginia 22314
    (703) 684-1804 Direct
    (703) 684-1805 Fax
    scarnell@lorengercarnell.com